Allan O. Walsh (6149)
John D. Morris (6943)
Quinn A. Sperry (11771)
**McKAY, BURTON & THURMAN**
170 South Main Street, Suite 800
Salt Lake City, Utah 84101
Phone: 801-521-4135
Fax: 801-521-4252
Email: AWalsh@mbt-law.com
Email: JMorris@mbt-law.com
Email: QSperry@mbt-law.com

*Attorneys for Plaintiffs*

---

## IN THE UNITED STATES COURT FOR THE

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EUGENIA RODRIGUEZ, individually and on behalf of the class defined, <br><br> Plaintiffs, <br><br> v. <br><br> **THE LAW OFFICES OF KIRK A. CULLIMORE, L.L.C.,** a Utah limited liability company, **KIRK A. CULLIMORE,** an individual, and **DOE DEFENDANTS 1-5,** individual, <br><br> Defendants. | **COMPLAINT – CLASS ACTION** <br><br> Case No. _____ <br><br> Judge: _____ <br><br><br><br> **JURY TRIAL DEMANDED** |

### INTRODUCTION

1.      Plaintiff Eugenia Rodriguez ("Rodriguez") brings this action to secure redress from

unlawful collection practices engaged in by Defendants The Law Offices of Kirk A. Cullimore,

L.L.C. ("Law Firm"), Kirk A. Cullimore ("Cullimore"), and Doe Defendants 1-5 ("Does") (Law

Firm, Cullimore, and Does are collectively referred to herein as the "Defendants") for violations of

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive, and unfair practices and requires debt collectors to

give debtors certain information.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331

& 1337.

3.      Venue and personal jurisdiction is proper in this Court because the acts and

transactions complained of occurred here, Plaintiffs reside here, and the Defendants transact

business here.

## PARTIES

4.      Rodriguez is natural person residing in Salt Lake County, State of Utah.

5.      Rodriguez is a "consumer" as that term is defined by the FDPCA (15 U.S.C. §

1692a(3)).

6.      Law Firm is a professional corporation that focuses on collecting debts and operates

from an address of 644 E. Union Square, Sandy, UT 84070.

7.      Upon information and belief, Law Firm and its attorneys file in excess of 300

collection cases per month.

8.      Law Firm is a "debt collector" as that term is defined by the FDCPA (15 U.S.C. §

1692a(6)).

9.      Cullimore is an attorney and a principal of the Law Firm.

2

10.    The Law Firm's website states, or previously stated, that Cullimore "is considered the foremost authority in the Intermountain West on matters of landlord law ... and collections."

11.    Cullimore is a "debt collector" as that term is defined by the FDCPA (15 U.S.C. § 1692a(6)).

12.    Upon information and belief, Does are employees of the Law Firm that send out written communications Plaintiffs, and other similarly situated consumers, against whom the Law Firm, its attorneys, and its employees are attempting to collect a consumer debt.

13.    Does are each a "debt collector" as that term is defined by the FDCPA (15 U.S.C. § 1692a(6)).

## GENERAL ALLEGATIONS

14.    Defendants regularly attempt to collect consumer debts, including, but not limited to, upon information and belief, delinquent homeowners association assessments, past due rents, debts due on revolving credit lines, and other consumer debts allegedly due to others.

15.    Defendants use the mail system in conducting its business.

16.    Rodriguez is a resident and owner in the Villages at Stonegate Master Association, a homeowners association.

17.    January 23, 2012, Defendants sent, or caused to be sent, a letter to Rodriguez demanding that Rodriguez pay allegedly delinquent homeowners association assessments (the "Alleged Debt"). A true and correct, but redacted, copy of this January 23, 2012 letter (the "Collection Letter") is attached hereto as Exhibit A.

18.    The Alleged Debt Defendants claimed was owed by Rodriguez constitutes a consumer "debt" as that term is defined by the FDCPA (15 U.S.C. § 1692a(5)).

3

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA against Defendants)

19.     Rodriguez incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The FDCPA imposes strict liability on Defendants to comply with the provisions of the FDCPA.

21.     The FDCPA at section 1692e(11) requires that a debt collector's initial communication with a debtor state that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." A failure by a debt collector to include this required language in its initial communication with the debt constitutes a false or misleading representation by the debt collector in violation of the FDCPA (15 U.S.C. § 1692e).

22.     The Collection Letter is Defendants' initial communication with the Rodriguez.

23.     The Collection Letter does not contain the language required by the FDCPA to be in Defendants' initial communication with Rodriguez.

24.     The Law Firm is liable to Rodriguez for violating the FDCPA by sending Rodriguez the Collection Letter without the required disclosure information.

25.     Does are liable to Rodriguez for violating the FDCPA by sending Rodriguez the Collection Letter without the required disclosure information.

26.     Upon information and belief, Cullimore exercises supervisory authority over the Law Firm and Does, is intimately involved with the practices and procedures of the Law Firm, and/or developed and implemented the Law Firm's collection practices and, therefore, is liable to Rodriguez for violating the FDCPA. (See Brumbelow v. Law Offices of Bennett & Deloney, P.C., 372 F.Supp. 2d 615 (D. Utah 2005)).

27.     Rodriguez has brought this action within one year of the Collection Letter.

28.     As a result of Law Firm's violations of the FDCPA, Rodriguez is entitled to a judgment against the Law Firm in the amount of her actual damages, pursuant to 15 U.S.C. § 1692k(a)(1), or statutory damages in amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A).

29.     As a result of Does' violations of the FDCPA, Rodriguez is entitled to a judgment against Does in the amount of his actual damages, pursuant to 15 U.S.C. § 1692k(a)(1), or statutory damages in amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A).

30.     As a result of Cullimore's violations of the FDCPA, Rodriguez is entitled to a judgment against Cullimore in the amount of his actual damages, pursuant to 15 U.S.C. § 1692k(a)(1), or statutory damages in amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A).

31.     As a result of Defendants' violations of the FDCPA, Rodriguez is entitled to a judgment against the Defendants, jointly and severally, for attorneys' fees and costs incurred by Plaintiffs related to this matter, pursuant to 15 U.S.C. § 1692k(a)(3).

32.     Additionally, Rodriguez is entitled to punitive damages for Defendants' willful violation of the FDCPA.

## CLASS ALLEGATIONS

33.     Rodriguez incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     Upon information and belief, Defendants have been using a form letter, similar to the Collection Letter, that violates the FDCPA by failing to include language required by the FDCPA (15 U.S.C. § 1692e) to be in Defendants' initial communications with consumer debtors.

35.     Upon information and belief, Defendants have sent demand letters, similar to the Collection Letter, that omitted the language required by the FDCPA (15 U.S.C. § 1692e) to consumers that allegedly owed delinquent homeowners association assessments, past due rents, and other debts.

36.     Rodriguez brings this claim against Defendants on behalf of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

37.     The class consists of (a) all consumer debtors (b) to whom Defendants sent a demand letter, similar to the Collection Letter, (c) within the year prior to this complaint that (d) failed to include the disclosure language required by 15 U.S.C. § 1692e(11) to be in Defendants' initial communications with all consumer debtors

38.     Upon information and belief, the class is so numerous that joinder of all members is impracticable.

39.     There are questions of law and fact that are common to the class. The predominant common question is whether the initial communication, or demand letter, sent by Defendants to the class members violated the FDCPA by failing to include the language required by 15 U.S.C. § 1692e(11).

40.     The claims of Rodriguez, as class representatives, are typical of the claims of the class. The claims are based on the same factual and legal theories.

41. Rodriguez will fairly and adequately protect the interests of the class. Rodriguez has retained counsel experienced in class actions and FDCPA litigation.

42. A class action is superior for the fair and efficient adjudication of this matter, in that

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights; and/or

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

43. Pursuant to 15 U.S.C. § 1692k(2), in addition to the damages entitled to Rodriguez as the class representative, the class is entitled to a judgment against each of the Defendants equal to the lesser of $500,000.00 or one percent (1%) of each of the Defendants' net worth.

## DEMAND FOR TRIAL BY JURY

44. Rodriguez respectfully demands a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Rodriguez prays that an order and/or judgment be entered against the Defendants as follows:

    A. An order declaring that Defendants violated the FDCPA;

    B. A money judgment against Defendant Law Firm in favor of Rodriguez for actual damages suffered by Rodriguez or statutory damages of $1,000.00, whichever is greater, due to Law Firm's violations of the FDCPA;

    C. A money judgment against Defendant Does in favor of Rodriguez for actual damages suffered by Rodriguez or statutory damages of $1,000.00, whichever is greater, due to Does' violations of the FDCPA;

D.  A money judgment against Defendant Cullimore in favor of Rodriguez for actual damages suffered by Rodriguez or statutory damages of $1,000.00, whichever is greater, due to Cullimore's violations of the FDCPA;

E.  A money judgment against Defendants, joint and severally, pursuant to 15 U.S.C. § 1692k(a)(3), awarding Rodriguez, individually and as the class representative, her reasonable attorneys' fees and costs incurred by Rodriguez as a result of Defendants' actions and violations of the FDCPA and in prosecuting this class action litigation;

F.  A money judgment against Law Firm in favor of the class equal to the lesser of $500,000.00 or one percent (1%) of Law Firm's net worth;

G.  A money judgment against Does in favor of the class equal to the lesser of $500,000.00 or one percent (1%) of each of Does' net worth;

H.  A money judgment against Cullimore in favor of the class equal to the lesser of $500,000.00 or one percent (1%) of Law Firm's net worth;

I.  A money judgment against Defendants, joint and severally, in favor of Rodriguez and the class for punitive damages; and

J.  For such other relief as may be just and proper.

DATED this 6th day of August, 2012.

**McKAY, BUTON & THURMAN**

Allan O. Walsh
John D. Morris
Quinn A. Sperry
*Attorneys for Plaintiffs*

8

# EXHIBIT
# A
### (Collection Letter)

LAW OFFICES OF
# KC | KIRK A. CULLIMORE

644 E. Union Square, Sandy, UT 84070
(801)542-8720 · (801)542-8721 Fax
HOAlitigation@cullimore.net

01/23/2012

Eugenia Rodriguez
███████████████████
███████████████████

Re: Villages at Stonegate Master Association

 **REDACTED**

Amount Due (Good Through 02/12/2012):     $███
Attorney Fees to Date:                    $███
Costs to Date:                            $███
**TOTAL NOW DUE:**                        $█████   This amount will increase each and
                                                   every month until paid in full.

Villages at Stonegate Master Association ("Association") has retained our law firm to review its past due accounts, and your account has been forwarded to our office with an outstanding balance due. You should have previously received information concerning this debt from the Association.

The records forwarded to us indicate that the above amount is still outstanding. Utah law provides that you will be obligated for collection costs and attorney fees in this matter. Thus far, we have only reviewed the file for completeness, verified the amounts, and prepared this letter and a lien. In order to prevent foreclosure or legal action, the above amount must be paid.

Please review your records on this matter and forward to this office the above amount to close this matter. For your convenience this office accepts MasterCard, Visa, and Discover.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of such judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Current law does not require us to wait until the expiration of the thirty(30) days to continue with additional collection efforts.

## THIS IS AN ATTEMPT TO COLLECT A DEBT.

**REF NO. HOACollect4663**